1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    MAYER A. ROTHSCHILD,                    Case No.  24-cv-01099-TLT

            Petitioner,
8
                                            **ORDER OF DISMISSAL;**
9         v.                                 **DENYING CERTIFICATE OF**
                                             **APPEALABILITY**
10   STATE OF CALIFORNIA, et al.,

11          Respondents.

12

13          Petitioner filed this *pro se* action from San Mateo County jail seeking a writ of habeas

14   corpus pursuant to 28 U.S.C. § 2254.  He paid the filing fee.  For the reasons set forth below, the

15   petition will be dismissed and a certificate of appealability will be denied.

16                                    **DISCUSSION**

17       **1.      Background**

18          Petitioner states that he was sentenced to 60 days jail on February 27, 2024, in San Mateo

19   County Superior Court for failure to pay restitution for accepting a down payment above $1,000.

20   He pleaded guilty and has filed no other petitions, applications, or motions with respect to the

21   conviction in any state or federal court.

22            Petitioner raises three claims.  First, that he was bullied by seven different public

23   defenders into taking a plea.  They "all threatened 3 yr jail term if I tried the case, said the couple

24   was elderly and the jury would believe them not me.  I would lose, the public defenders were too

25   lazy to prepare."  Second, he claims that District Attorney Wagstaffe had a retaliatory response

26   because he wanted to personally victimize petitioner.  Petitioner states as evidence of the DA's

27   intent that "when current public defender asked Deputy Dist. Attorney why he was pursuing so

28   hard, he had never seen this type of effort in a recovery case, Joel McComb said it was personal."

Third, petitioner claims that his conviction constituted double jeopardy because he had already served 30 days with an ankle bracelet.  He states that District Attorney Wagstaffe "has violated my probation (5) times in order to stay within statutory probation period—to punish—even judge Donald Ayoob gave my public defender evidence to challenge this rule but he did not because he is afraid of Wagstaffe."

Petitioner states that he did not present these claims to any other court because he did not know his remedies and kept asking for help from his public defenders.

### 2. Legal Standard

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### 3. Analysis

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). Petitioner has informed the Court that he has not raised any of the claims regarding his 60-day sentence, presumably pursuant to a probation revocation proceeding, in any state court.

Exhaustion is excused if either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."

United States District Court
Northern District of California

28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances"). This exception does not appear to apply to petitioner. The petition is therefore DISMISSED without prejudice.[1]

### CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

### CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

Dated: April 18, 2024

_____
TRINA L. THOMPSON
United States District Judge

---

[1] In addition, the San Mateo County Superior Court case information available online for case number 19-SF-014863-A at https://odyportal-ext.sanmateocourt.org/portal-external appears to show that petitioner waived his right to counsel and motioned to represent himself at his February 27, 2024 hearing, after which he had a March 1, 2024 hearing at which he requested and received a continuance, after which he had an April 3, 2024 hearing, followed by a Declaration Statement of Assets filed on April 17, 2024, with a Probation Violation Hearing set for April 19, 2024 and for May 29, 2024. This information suggests that petitioner may not be in custody, making him ineligible to file a federal habeas petition. In addition, petitioner does not show up under the name Mayer Rothschild or Thomas Cady in the San Mateo County Jail Inmate Locator System at https://smc-inmatelocator.org/ as of April 18, 2024.